**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

XEZAKIA ROUSE,

        Plaintiff,

v.                                    No. CIV-05-1307 MCA/WDS

TIM KLINE,

        Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, the complaint will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

       The complaint names the chairman of the New Mexico Parole Board as the only Defendant, and claims that Defendant illegally revoked Plaintiff's parole. As grounds, Plaintiff alleges that he had

not violated conditions of his parole, no criminal charges were then pending against him, and he had not been convicted of a new offense.  He claims that Defendant's actions violated a number of his constitutional and state law protections.  The complaint asks for Plaintiff's release from custody and damages.

No relief is available on Plaintiff's claims for damages against the chairman of the New Mexico Parole Board.  As the Tenth Circuit held in *Knoll v. Webster*, 838 F.2d 450 (10th Cir. 1988), a member of a parole board "is absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denial of parole."  *Knoll*, 838 F.2d at 451.  All of Plaintiff's allegations describe actions taken during the course of Defendant's official duties.  *Cf. Giron v. Chaparro*, No. 05-2015, 2006 WL 165015, at *2-*3 (10th Cir. Jan. 24, 2006) (discussing judicial immunity in performing official duties).  Thus, Defendant is absolutely immune to Plaintiff's suit for damages.  This claim will be dismissed.

Plaintiff's allegations also fail to support a claim for release from custody.  As the United States Supreme Court recently discussed,

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  Plaintiff's claim for release must be brought under the habeas corpus

statutes and thus will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's claims for damages are DISMISSED with prejudice; his claim for release from custody is DISMISSED without prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE